RAGNA SCHONEMAN, ADMINISTRATRIX AD PROSEQUEN-
DUM, PLAINTIFF, v. EMILY MULLER AND GEORGE
STILLSON, DEFENDANTS.

Submitted January 30, 1931—Decided June 19, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *McDermott, Enright & Carpenter.*

*Contra, Charles A. Rooney.*

PER CURIAM.

This case is before this court on defendants' rule to show
cause why the verdict in favor of plaintiff and against defend-
ants for $12,500 should not be set aside on the grounds (1)
that it is against the weight of the evidence and (2) that it
is excessive. The suit arose out of a collision between a
motorcycle driven by the plaintiff's decedent and an auto-
mobile owned by defendant Emily Muller and driven by
defendant George Stillson.

The accident occurred at a sharp curve on Palisade ave-
nue in the borough of Cliffside. The automobile of defendant
was traveling south down a steep grade. The curve was to
its left. The motorcycle was going north and the curve was
to its right. There is a white line painted in the street six-
teen feet from the easterly side and twenty-four feet from the
westerly side. There was conflicting testimony as to whether
it was the automobile or the motorcycle that was being driven
on the wrong side of the line at the time of the collision.

We conclude that the verdict is not so clearly against the weight of the evidence upon the question of negligence as to require it to be set aside for that reason.

We are of the opinion that, in view of the testimony on the question of damages, the verdict is excessive. Therefore, if plaintiff will, within twenty days after the entry of an order hereunder, consent to a reduction of her verdict to $7,000, the rule will be discharged, otherwise the rule will be made absolute and a *venire de novo* awarded.